IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Christian Coleman, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:22-cv-1578-TMC |
| | ) | |
| Warden Tonya James, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Petitioner Christian Coleman ("Petitioner"), proceeding *pro se*, filed this petition for relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 7, 2022, Respondent filed a return to the petition and motion for summary judgment. (ECF Nos. 24; 25). The following day, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond thereto. (ECF No. 26). The *Roseboro* order was mailed on September 8th to Petitioner at the address he provided the court. (ECF No. 27). On November 3, 2022, having received no response from Petitioner in opposition to Respondent's motion for summary judgment, the magistrate judge entered an order directing Petitioner to advise the court whether he intended to continue with his habeas action. (ECF No. 30). On November 18th, the court received a reply from Petitioner indicating that he wished to continue pursuing habeas relief but that he had not received Respondent's summary judgment motion. (ECF Nos. 32; 33). The magistrate judge directed Respondent to re-send the summary judgment documents or confirm that Kershaw Correctional

1

Institution had in fact provided the documents to Petitioner. (ECF No. 33).  Petitioner subsequently received copies of Respondent's return and motion for summary judgment and, on December 7th, filed a motion for an extension of time to file a response. (ECF No. 36).  The magistrate judge granted an extension of time to file a response until January 9, 2023. (ECF No. 37).  Petitioner finally submitted his response in opposition on January 11, 2023, (ECF No. 40), and Respondent filed a reply (ECF No. 43).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 47), recommending that Respondent's motion for summary judgment (ECF No. 25) be granted and that the petition for relief under § 2254 (ECF No. 1) be denied. The magistrate judge determined that the relevant state-court decisions as to the two grounds raised by Petitioner were neither contrary to clearly established federal law as determined by the Supreme Court of the United States nor involved an unreasonable application of clearly established federal law.  *See* (ECF No. 47 at 19 n.4 (ground one)[1],  23–24 (ground two)).

Petitioner was advised of his right to file objections to the Report and of the possible consequences for failing to do so. *Id*. at 26.  On June 8, 2023, the Report was mailed to Petitioner at the address he had provided the court.  (ECF No. 48).  The Report has not been returned to the court as undeliverable.   Therefore, Petitioner is presumed to have received the Report. Nonetheless, Petitioner has not submitted any objections, and the time for Petitioner to object to the Report expired some time ago.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Elijah v. Dunbar*,

---

[1] The Report also notes that Petitioner appeared to abandon ground one as a basis for relief in light of Petitioner's response to summary judgment. (ECF No. 47 at 19 (citing ECF No. 40 at 1)).

66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the thorough and detailed Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 47), which is incorporated herein by reference.  Accordingly, the court **GRANTS** Respondent's motion for summary judgment (ECF No. 25) and **DENIES** the petition for relief under § 2254 (ECF No. 1).  Respondent's motion to strike (ECF No. 44) is **DENIED AS MOOT**.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 20, 2023